IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NATCHA MILES-BROWN,

    Plaintiff

v.                                            Civil Action No. 4:17-cv-964

LOVE & JOY PERSONAL CARE HOME,
and LOVER COMPTON,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NATCHA MILES-BROWN, (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, LOVE & JOY PERSONAL CARE HOME, and LOVER COMPTON (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

### **INTRODUCTION**

1. This is an action by Plaintiff against her employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

### **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working in Harris County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Harris County, Texas.

5. Plaintiff was been employed by Defendant from approximately February of 2016, to September of 2016, as a "Certified Nurse Assistant" at the rate of $8.50 per hour. Some of Plaintiff's principle duties were to provide health care, cleaning and cooking services to Defendant's clients.

6. Defendant, LOVE & JOY PERSONAL CARE HOME, is a domestic non-profit corporation and is a home healthcare provider (assisted living facility) licensed under the laws of the State of Texas and operates an office in Harris County, Texas.

7. Defendant, LOVER COMPTON, is an individual believed to be residing in Harris County, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work; therefore, is also Plaintiff's employers under the FLSA.

8. Defendants, LOVE & JOY PERSONAL CARE HOME, and LOVER COMPTON, were the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

7. At all times material to this complaint, Defendant, LOVE & JOY PERSONAL CARE HOME, had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant, LOVE & JOY PERSONAL CARE HOME, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant, LOVE & JOY PERSONAL CARE HOME, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10. At all times material hereto Plaintiff and Defendants collectively engaged in interstate commerce through the support functions they provided to members of the health care industry.

12. At all times material to this Complaint, Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

13. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to

compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

14.     Plaintiff worked an average of five (5) to six (6) twelve (12) hour shifts per workweek during each week of her employment with Defendants.

15.     Defendants paid Plaintiff a rate of $8.50 per hour, and did pay Plaintiff some overtime.   However, the Defendants knowingly deducted an hour break each work day for which Plaintiff was not allowed to leave or take a break because Plaintiff had to provide care to Defendants' client-patients.  There was discrepancies in some of Plaintiff's paychecks, which Plaintiff requested correction, but resulted in Plaintiff never being paid or was told she didn't have permission to work even though Defendants knew or should have known that the Plaintiff was working.  Plaintiff would work a straight 36 hour shift the majority of weekends without taking a break or going home. All of the foregoing resulted in Plaintiff working overtime hours for which she was not properly compensated by the Defendants.

16.     Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to her as required by the Fair Labor Standards Act.

17.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act

diligently with regard to their obligations as an employer under the FLSA.

18. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

19. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

21. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, NATCHA MILES-BROWN demands Judgment against Defendants, LOVE & JOY PERSONAL CARE HOME, and LOVER COMPTON, jointly and severally, for the following:

    a. Unpaid overtime wages found to be due and owing;

    b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

    d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29

U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## **JURY TRIAL DEMAND**

Plaintiff, NATCHA MILES-BROWN, demands a jury trial on all issues so triable.

Respectfully submitted, March 29, 2017.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph:   800-634-8042
Ph:   512-474-7677
Fax: 512-474-5306
charles@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**